J-S53033-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KEVIN COIT | : | |
| | : | |
| Appellant | : | No. 2979 EDA 2017 |

Appeal from the PCRA Order August 11, 2017
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0001938-2012,
CP-51-CR-0012646-2011

BEFORE:   GANTMAN, P.J., OTT, J., and PLATT*, J.

MEMORANDUM BY GANTMAN, P.J.:                **FILED OCTOBER 09, 2018**

Appellant, Kevin Coit, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied his first petition filed under the Post Conviction Relief Act at 42 Pa.C.S.A. §§ 9541-9546. We affirm and grant counsel's petition to withdraw.

The PCRA court opinion sets forth the relevant facts and procedural history of this case as follows:

> On February 13, 2013, [Appellant] appeared before this court and entered a negotiated guilty plea to two robberies.
>
> CP 51-CR-0012646-2011 occurred on July 31, 2011 at a bar on the 4200 block of North 8th Street, Philadelphia, at 11:50 p.m. [Appellant] and a companion entered the bar, fired gunshots, and demanded that the employees give them cash from the register. They also took a purse from a patron.
>
> CP 51-CR-00[01938-2012] occurred on October 18, 2011,

_____
*   Retired Senior Judge assigned to the Superior Court.

at 11:25 p.m., at Lober and Dorset Streets in Philadelphia. [Appellant] stopped a vehicle, pointed a gun at the two passengers inside the vehicle, threatened to blow their heads off, and ordered them to remove part of their clothing, give the clothing to him, and leave their valuables inside the garments.

At the guilty-plea colloquy, the [c]ourt advised [Appellant] that pursuant to the plea agreement, [Appellant] was to plead guilty to two counts of robbery as a felony of the first degree, criminal conspiracy as a felony of the first degree, and possession of an instrument of crime. The negotiated sentence would be concurrent terms of incarceration of five to ten years on one robbery and four to ten years on the other robbery. …

[Appellant] stated that he was 22 years old, had completed the 11th grade, and was not under the influence of drugs, alcohol or medication. [Appellant] said that he had never been treated for a mental illness.

[Appellant] was informed that he had the absolute right to plead not guilty and go to trial and that by pleading guilty he was giving up his right to confront and cross-examine witnesses against him, call witnesses in his behalf, and testify or not testify.

[Appellant] was further informed that at trial, the Commonwealth had the burden to prove the charges beyond reasonable doubt, that he had the right to a jury trial or a bench trial and that a jury verdict would have to be unanimous.

[Appellant] stated that he understood that by pleading guilty he was giving up his right to litigate pre-trial motions to suppress physical evidence, statements and identifications.

[Appellant] had separate attorneys for each case. [Appellant] stated that he had spoken with his attorneys and was satisfied with their representation. Each attorney stated that he or she had discussed with [Appellant] his right to plead not guilty and go trial. Each attorney stated that [Appellant] appeared to understand his rights. Each

- 2 -

attorney stated that he or she believed that [Appellant] was competent and qualified to enter the negotiated plea.

[Appellant] acknowledged that by pleading guilty he was giving up his right to appeal except for the voluntariness of the plea, the jurisdiction of the court and the legality of the sentence. [Appellant] acknowledged that by pleading guilty he was giving up any defense of justification.

As to each case, the prosecutor read a summary of the evidence. The [c]ourt asked [Appellant] whether he was able to hear and understand the facts as summarized by the prosecutor. [Appellant] said that he did. The [c]ourt asked whether what the prosecutor had summarized was "essentially" what had happened. [Appellant] said that it was. The [c]ourt accepted the guilty pleas. The [c]ourt sentenced [Appellant] to an aggregate [term] of five to ten years of incarceration, as set forth in the plea agreement.

[Appellant] did not file a motion to withdraw his guilty plea. [Appellant] did not file a notice of appeal to the Superior Court.

On December 16, 2014, [Appellant] filed a *pro se* PCRA Petition. [Appellant] alleged that his sentence was illegal and that counsel had not properly advised him of his options. [Counsel] was appointed to represent [Appellant]. On May [26], 2016, [counsel] filed an Amended PCRA Petition, alleging that the plea was unlawfully induced and that guilty plea counsel were ineffective for allowing [Appellant] to enter an involuntary plea.

[Appellant's] PCRA Petition was properly dismissed as untimely.

(PCRA Court Opinion, filed January 10, 2018, at 1-5) (internal citations omitted). Additional procedural history of the case includes the following. On July 11, 2017, the PCRA court issued notice of its intent to dismiss the petition without a hearing, per Pa.R.Crim.P. 907, and formally dismissed the petition as untimely on August 14, 2017. Appellant timely filed a notice of appeal on

- 3 -

September 11, 2017. The court ordered Appellant on December 18, 2017, to file a concise statement of errors complained of on appeal, per Pa.R.A.P. 1925(b); counsel timely complied on Monday, January 8, 2018.

Preliminarily, counsel has filed a "no-merit" letter/brief on appeal and a petition to withdraw as counsel,[1] pursuant to **Commonwealth v. Turner**, 518 Pa. 491, 544 A.2d 927 (1988); **Commonwealth v. Finley**, 550 A.2d 213 (1988). Before counsel can withdraw representation under the PCRA, the law requires counsel to satisfy the mandates of **Turner**/**Finley**. **Commonwealth v. Karanicolas**, 836 A.2d 940, 947 (Pa.Super. 2003).

> …**Turner/Finley** counsel must review the case zealously. **Turner/Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

**Commonwealth v. Wrecks**, 931 A.2d 717, 721 (Pa.Super. 2007). Withdrawal as counsel in this context also includes certain notice requirements: Counsel must contemporaneously serve on Appellant copies of the "no-merit" letter or brief, the petition to withdraw, and a letter with a statement advising Appellant that he has the immediate right to file a brief in this Court *pro se* or with new privately-retained counsel within 30 days. **Commonwealth v. Muzzy**, 141 A.3d 509 (Pa.Super. 2016). To withdraw,

---

[1] This Court later directed counsel to file an amended petition to withdraw, which counsel has done.

counsel must assure this Court of counsel's compliance with these technical requirements. *Id.*

Instantly, counsel's amended petition to withdraw states he has made a conscientious examination of the record in this case and determined the appeal is totally frivolous. In the withdrawal petition, *via* the transmittal letter attached as Exhibit A, counsel also confirmed he served the Commonwealth and Appellant with a copy of the *Turner/Finley* Letter Brief and counsel's petition to withdraw, and advised Appellant of his right to proceed immediately *pro se* or with privately retained counsel to file a brief within thirty (30) days and raise any additional points Appellant's deems worthy of review. In his *Turner/Finley* brief on appeal, counsel listed the issue Appellant wished to raise and explains that Appellant's PCRA petition is untimely, without any valid exception to the statutory time bar, and why the issue raised would not merit relief in any event. Thus, appellate counsel has now substantially complied with the *Turner*/*Finley* requirements. *See Karanicolas, supra*. Accordingly, we proceed to an independent evaluation. *See Turner, supra* at 494-95, 544 A.2d at 928-29 (stating appellate court must conduct independent analysis and agree with counsel that appeal is frivolous). Appellant has not responded to counsel's petition.

Appellant raises one issue in the *Turner/Finley* brief:

> WHETHER PLEA COUNSEL RENDERED INEFFECTIVE ASSISTANCE WHICH RESULTED IN APPELLANT ENTERING AN INVOLUNTARY AND UNLAWFULLY INDUCED GUILTY PLEA?

(*Turner/Finley* Brief at 5).

Initially, the timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Hackett*, 598 Pa. 350, 956 A.2d 978 (2008), *cert. denied*, 556 U.S. 1285, 129 S.Ct. 2772, 174 L.Ed.2d 277 (2009). Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. *Commonwealth v. Robinson*, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The PCRA requires a petition, including a second or subsequent petition, to be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence is final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." 42 Pa.C.S.A. § 9545(b)(3).

Generally, to obtain merits review of a PCRA petition filed more than one year after the judgment of sentence became final, the petitioner must allege and prove at least one of the three timeliness exceptions. *See* 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). The petitioner must allege and prove:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; **or**

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) (emphasis added). "[W]hen a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims." *Commonwealth v. Gamboa-Taylor*, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000). Counsel, who is appointed to represent a PCRA petitioner on any petition that is untimely on its face, has the initial duty to consider the timeliness of the petition, investigate whether the petition is actually untimely, and if so, whether any of the statutory exceptions to the time bar applies to the petitioner's case. *See generally Commonwealth v. Smith*, 572 Pa. 572, 818 A.2d 494 (2003).

Instantly, on February 13, 2013, the trial court accepted Appellant's plea and, in accordance with the agreement, imposed the agreed-upon sentence of five to ten years' incarceration. Appellant filed no post-sentence motion or direct appeal. Therefore, the judgment of sentence became final on or about Monday, March 17, 2013, when the 30-day appeal period expired. *See* 42 Pa.C.S.A. § 9545(b)(3); Pa.R.A.P. 903(c)(3). Thus, Appellant had until March 17, 2014, to file a timely PCRA petition. Appellant filed his first petition on

December 16, 2014, which is patently untimely, claiming his plea counsel gave Appellant erroneous advice regarding the plea deal. Appellant's bare ineffectiveness of counsel claim does not satisfy an exception to the timeliness requirements of the PCRA. *See Commonwealth v. Wharton*, 584 Pa. 576, 588, 886 A.2d 1120, 1127 (2005) (stating generally that bare "allegations of ineffective assistance of counsel will not overcome the jurisdictional timeliness requirements of the PCRA"); *Gamboa-Taylor, supra* at 80, 753 A.2d at 785 (holding standard ineffectiveness of counsel claims generally do not constitute exceptions to PCRA time requirements). *Compare Commonwealth v. Bennett*, 593 Pa. 382, 930 A.2d 1264 (2007) (identifying very limited exception to *Gamboa-Taylor* line of cases on this point, where counsel abandoned petitioner on appeal, abandonment was unknown to petitioner, and petitioner filed for PCRA relief within sixty days of learning of counsel's abandonment; this exception is viewed under "new fact" exception) and more recently *Commonwealth v. Peterson*, ___ Pa. ___, ___ A.3d ___, 2018 WL 4515440 (filed September 21, 2018) (applying *Bennett* to petitioner's case, where he promptly filed second PCRA petition upon learning that counsel had filed petitioner's first PCRA petition one day late, causing loss of petitioner's PCRA review rights; affirming PCRA court's restoration of rights upon petitioner's proof of "new fact" and due diligence).

Following our independent review of the record, we conclude Appellant's petition met no statutory exception and remains time barred. Thus, we agree

with counsel that Appellant's appeal is frivolous. Accordingly, we affirm and grant counsel's petition to withdraw.

Order affirmed; counsel's petition to withdraw is granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/9/18